IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

TEXAS MIDSTREAM GAS SERVICES, §
L.L.C., §
 §
Plaintiff, §
 § Civil Action No. 3:08-CV-1724-D
VS. §
 §
CITY OF GRAND PRAIRIE, et al., §
 §
Defendants. §

MEMORANDUM OPINION
AND ORDER

The court must decide whether to permit plaintiff Texas Midstream Gas Services, L.L.C. ("TMGS") to dismiss this action voluntarily and without prejudice under Fed. R. Civ. P. 41(a)(2). For the reasons that follow, the court grants the motion on two conditions.

I

The background facts of this case are set forth in the court's opinion addressing TMGS's motion for a preliminary injunction and need not be repeated at length. *See Tex. Midstream Gas Servs., L.L.C. v. City of Grand Prairie*, 2008 WL 5000038, at *1 (N.D. Tex. Nov. 25, 2008) (Fitzwater, C.J.) ("*TMGS I*"), *aff'd*, 608 F.3d 200 (5th Cir. 2010). In sum, this case involves challenges brought by TMGS to provisions of defendant City of Grand Prairie's ("the City's") Unified Development Code (the "Code"). TMGS moved for a preliminary injunction precluding the enforcement of § 10 of the Code, and the court largely denied the motion. *See id.* at *21.

Before the court decided *TMGS I*, defendants moved to dismiss under Rule 12(b)(1) and (6). The court stayed the case while TMGS appealed the preliminary injunction decision. Defendants have renewed their motion to dismiss.

Following the Fifth Circuit's decision, TMGS filed the instant motion to dismiss this action without prejudice. Defendants oppose the motion and urge the court to dismiss the case on the merits and with prejudice.[1] Defendants argue that dismissal under Rule 41(a)(2) would prejudice their position by precluding the court from ruling on the merits of their pending motion to dismiss. They contend that TMGS seeks to avoid a decision on defendants' motion because the ruling would likely be adverse to TMGS in light of TMGS's failure to establish likelihood of success on a number of grounds at the preliminary injunction stage. TMGS challenges defendants' contention that their motion to dismiss will succeed and that TMGS's request for voluntary dismissal is motivated by concern over the prospect of an adverse ruling. TMGS maintains that the City recently condemned part of the property on which TMGS planned to build its compressor station, calling into question the viability of a project at that site. TMGS further asserts that a dismissal without prejudice will allow it time to consider—in

---

[1]Defendants have also renewed an April 29, 2010 motion to dismiss filed on behalf of the individual defendants (but not the City), arguing that their presence as parties is surplusage and that only the City should be named.

light of the Fifth Circuit's affirmance of *TMGS I* and the property condemnation——whether to continue pursuing the claims made in this litigation.

II

Where, as here, defendants have filed answers, Rule 41(a)(2) provides that this "action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." The decision whether to grant a voluntary dismissal rests within the sound discretion of the court. *Schwarz v. Folloder*, 767 F.2d 125, 129 (5th Cir. 1985). "'There is no single formula for balancing a court's discretion on a Rule 41(a)(2) determination.'" *Greyhound Lines, Inc. v. Younan Props., Inc.*, 2008 WL 2340219, at *2 (N.D. Tex. June 9, 2008) (O'Connor, J.) (quoting *Oxford v. Williams Co.*, 154 F.Supp.2d 942, 951 (E.D. Tex. 2001)). Instead, a number of factors guide the court's discretion in determining whether a Rule 41(a)(2) dismissal will prejudice the nonmovant. Among other factors, the court considers the timing of plaintiff's motion and the efforts already expended in the litigation, including pleadings, discovery, hearings, and prior decisions in the litigation adverse to plaintiff's position. *Id.* at *2.

"[A]s a general rule, motions for voluntary dismissal should be freely granted unless the non-moving party will suffer some plain legal prejudice other than the mere prospect of a second lawsuit." *Elbaor v. Tripath Imaging, Inc.*, 279 F.3d 314, 317 (5th

Cir. 2002). Legal prejudice exists where dismissal "causes the non-movant to be stripped of an otherwise available defense." *Robles v. Atl. Sounding Co.*, 77 Fed. Appx. 274, 275 (5th Cir. 2003) (per curiam). *See also Elbaor*, 279 F.3d at 318-19 (vacating dismissal and remanding because nonmovant could lose statute of limitations defense). Dismissal can also cause legal prejudice when a plaintiff "fails to seek dismissal until a late stage of trial, after the defendant has exerted significant time and effort." *United States ex rel. Doe v. Dow Chem. Co.*, 343 F.3d 325, 330 (5th Cir. 2003) (quoting *Davis v. Huskipower Outdoor Equip. Co.*, 936 F.2d 193, 199 (5th Cir. 1991)). Further, dismissal should be refused where the defendant demonstrates: "(1) that dismissal will preclude the court from deciding a pending case or claim-dispositive motion; or (2) that there is an objectively reasonable basis for requesting that the merits of the action be resolved in this forum in order to avoid legal prejudice." *Radiant Tech. Corp. v. Electrovert USA Corp.*, 122 F.R.D. 201, 203 (N.D. Tex. 1988) (Fitzwater, J.). "Outright dismissal should be refused . . . when a plaintiff seeks to circumvent an expected adverse result." *Id.*

Although a pending case-dispositive motion like the one defendants have filed in this case is a factor to be considered, it does not necessarily preclude voluntary dismissal. *See Kumar v. St. Paul Surplus Lines Ins. Co.*, 2010 WL 1946341, at *2 (N.D. Tex.

May 12, 2010) (O'Connor, J.). Likewise, the potential for additional expense is usually insufficient of itself to warrant denying a dismissal motion. *See Elbaor*, 279 F.3d at 317 n.3. Similarly, "it is no bar to dismissal that plaintiff may gain some tactical advantage." *Radiant*, 122 F.R.D. at 203.

Absent prejudice to the defendant, "courts should not require that a plaintiff continue to prosecute an action that it no longer desires to pursue. Instead, the court should permit dismissal after imposing any conditions necessary to eliminate harm to the defendant." *Id.* at 204 (internal citation omitted) (noting that such conditions will vary depending on circumstances of case). Rule 41(a)(2) specifically provides that dismissal may be "on terms that the court considers proper." *Bramlett v. Med. Protective Co. of Ft. Wayne, Ind.*, 2010 WL 1491422, at *7 (N.D. Tex. Apr. 13, 2010) (Fitzwater, C.J.). "A district court generally imposes terms and conditions when granting a motion for a voluntary dismissal under Rule 41(a)(2) in order to protect the defendant." *Cranford v. Morgan S. Inc.*, 333 Fed. Appx. 852, 855 (5th Cir. 2009) (per curiam). A "plaintiff has the option to refuse a Rule 41(a)(2) voluntary dismissal and to proceed with its case if the conditions imposed by the court are too onerous," although it must do so timely. *Mortg. Guar. Ins. Corp. v. Richard Carlyon Co.*, 904 F.2d 298, 301 (5th Cir. 1990).

III

The court concludes that permitting TMGS to dismiss its case voluntarily, without prejudice would not cause "the type of plain legal prejudice that is necessary to support denying [the] Rule 41(a)(2) motion." *Ondova Ltd. v. Manila Indus., Inc.*, 2007 WL 4224362, at *1 (N.D. Tex. Nov. 28, 2007) (Fitzwater, C.J.). This case is distinguishable from one where a plaintiff is seeking to voluntarily dismiss primarily to avoid an adverse ruling on a case-dispositive motion. TMGS has proffered a plausible reason—the condemnation of part of its property—for its decision to dismiss this lawsuit. Moreover, it sought voluntary dismissal before defendants renewed their motion to dismiss and before a ruling on a potentially case-dispositive motion was imminent. And even if TMGS refiles this case, defendants will be able to renew their motion to dismiss in this court, which is familiar with the issues, due to one of the conditions for dismissal that the court is imposing below. The prospect of additional litigation cannot defeat voluntary dismissal. Indeed, voluntary dismissal is generally appropriate unless the nonmovant will "suffer some plain legal prejudice other than the mere prospect of a second lawsuit." *Elbaor*, 279 F.3d at 317.

Nor it is not inexorable that TMGS's lawsuit is likely to fail completely and that it therefore faces an adverse result that it seeks to avoid through voluntary dismissal. For example, as the

court noted in *TMGS I,* to analyze the preemption claim under the Pipeline Safety Act ("PSA"), 49 U.S.C. §§ 60101-60137, the court must "evaluate § 10 in light of the purpose of the PSA, considering whether § 10 has either the purpose of regulating compressor station safety or a direct and substantial effect on it." *TMGS I*, 2008 WL 5000038, at *10. TMGS argues that a more developed record could support a showing that § 10 was enacted with the intention of regulating safety, and is therefore preempted, even if the ordinance is not preempted on its face. TMGS's complaint similarly asserts that "Section 10 is a standard *intended to regulate pipeline facility safety* by addressing perceived risks associated with the location of natural gas pipeline facilities that move natural gas and other commodities." Compl. ¶ 5.1 (emphasis added). TMGS may be able to establish that Rule 12(b)(6) dismissal is unwarranted, that discovery should be permitted, and that some claims against some defendants are viable.

This is so even though TMGS largely failed to establish at the preliminary injunction stage that it is likely to succeed on the merits of its claims. *TMGS I* and the Fifth Circuit's opinion affirming the preliminary injunction ruling are limited to that decision. "Findings of fact and conclusions of law disposing of a request for a preliminary injunction are not binding at trial on the merits." *Mylett v. Jeane*, 910 F.2d 296, 299 (5th Cir. 1990) (citing *Univ. of Tex. v. Camenisch*, 451 U.S. 390 (1981)). None of

the court's conclusions at the preliminary injunction stage carries over to the determination of defendants' motion to dismiss. *See, e.g., Zen Music Festivals, L.L.C. v. Stewart*, 2004 WL 1660452, at *4 (N.D. Tex. July 23, 2004) (Fitzwater, J.) (granting defendants' motion for summary judgment after having granted plaintiff's earlier motion for preliminary injunction).

Finally, although the parties and the court have invested substantial time and resources in litigating this case so far, defendants will not suffer plain legal prejudice if the case is dismissed. The court may deny a motion for voluntary dismissal "[w]hen a plaintiff fails to seek dismissal until a late stage of trial, after the defendant has exerted significant time and effort." *Doe*, 343 F.3d at 330 (quoting *Davis v. Huskipower Outdoor Equip. Co.*, 936 F.2d 193, 199 (5th Cir. 1991)). When a motion for voluntary dismissal is denied for prejudice occasioned by delay, however, the parties have typically progressed in their preparations beyond what has occurred here. *See, e.g., Oxford*, 154 F.Supp.2d at 952-53 (denying voluntary dismissal where parties had undertaken 21 months of trial preparation). In *Doe* the court affirmed denial of a voluntary dismissal because the parties had scheduled discovery and filed responsive pleadings, motions for oral arguments, and a motion for rehearing. *Doe*, 343 F.3d at 330. Although the parties in the present case have thus far devoted substantial resources to this litigation, they have not yet

undertaken the discovery and other preparations necessary to progress substantially beyond the preliminary injunction stage. Allowing voluntary dismissal at this point would not prejudice defendants by allowing substantial trial preparation to be wasted.

In sum, it does not appear that allowing TMGS to dismiss this case voluntarily will necessarily enable it to avoid an adverse, case-dispositive decision or cause defendants some other plain legal prejudice.

IV

Having determined that it should grant TMGS's motion, the court next considers the terms on which it should condition dismissal.

Rule 41(a)(2) specifically provides that dismissal may be "on terms that the court considers proper" based on the circumstances of the case. "A district court generally imposes terms and conditions when granting a motion for a voluntary dismissal under Rule 41(a)(2) in order to protect the defendant." *Cranford,* 333 Fed. Appx. at 855. A "plaintiff has the option to refuse a Rule 41(a)(2) voluntary dismissal and to proceed with its case if the conditions imposed by the court are too onerous," although it must do so timely. *Mortg. Guar. Ins.*, 904 F.2d at 301. The court concludes that the following conditions should be imposed.

First, the court orders that TMGS pay defendants' taxable costs of court. When establishing conditions for a voluntary

dismissal, "usually the district judge at least should require that the plaintiff pay the costs of the litigation." 9 Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2366, at 527 (3d ed. 2008) (noting that such practice "has become commonplace"). Defendants ask the court to order TMGS to pay their attorney's fees as well. Courts can condition voluntary dismissal on the payment of the opposing party's attorney's fees, and this court has imposed this requirement where warranted. *See Bramlett*, 2010 WL 1491422, at *7. But such fees are not always justified, and the circumstances of the particular case will dictate when they should be awarded. *See* Wright & Miller, *supra*, § 2366, at 534-37 ("It appears somewhat anomalous to require the payment of an attorney's fee if the plaintiff would not have been liable for the fee had the plaintiff lost the case on the merits"; and the court should award fees "in light of the circumstances of the particular case"). Defendants have not presented a sufficient rationale to support their conclusory request for attorney's fees. Considering the circumstances of this case, the court concludes that TMGS should not be required to pay defendants' attorney's fees, which would be a departure from the American Rule that each party pays its own fees. Defendants have not established that they would be entitled to recover their attorney's fees from TMGS if they were to prevail in this case on the merits, and the court will not order TMGS to pay attorney's fees as a condition of voluntary dismissal.

Second, because the court is already well-acquainted with the background facts and legal arguments in this case, because refiling these claims in another court will likely require unnecessary duplication of effort by the judiciary, and because consistency of decisionmaking will be promoted, the court will also condition dismissal on the requirement that, if TMGS refiles this lawsuit or files any related case,[2] it must file the suit in the Dallas Division of the Northern District of Texas.

\*   \*   \*

The court therefore grants TMGS's motion on the conditions that TMGS must pay defendants' taxable costs of court, and that, if TMGS refiles this lawsuit or files any related case, it must file the suit in the Dallas Division of the Northern District of Texas. Within 14 days of the date this memorandum opinion and order is filed, TMGS must inform the court in writing whether it accepts these conditions. If it does, the court will enter judgment dismissing this case without prejudice, on these conditions. If TMGS does not accept dismissal on these conditions, the litigation

---

[2]The concept of "related case" is addressed in N.D. Tex. Civ. R. 3.3(b)(3), which took effect September 1, 2010. The court intends that any lawsuit against the City and/or any defendant to this lawsuit that "arises from a common nucleus of operative fact" with the present case be filed in the Dallas Division of the Northern District of Texas.

will continue.

**SO ORDERED.**

September 8, 2010.

_____
SIDNEY A. FITZWATER
CHIEF JUDGE